**UNITED STATES of America,
Appellee,**

v.

**Troy VAVAL, Carl Lewis, Defendants,**

**Nathaniel Bernard, Defendant–
Appellant.**

No. 04–3704.

United States Court of Appeals,
Second Circuit.

May 26, 2005.

Arza Feldman (Steven A. Feldman), Feldman and Feldman, Uniondale, New York, for Defendant–Appellant, of counsel.

Colleen Kavanagh, Assistant United States Attorney (Emily Berger, Assistant United States Attorney), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, for Appellee, of counsel.

Present: WINTER, Circuit Judge, MURTHA,* District Judge.**.

* The Honorable J. Garvan Murtha, of the Unit-    ed States District Court for the District of

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and hereby is AFFIRMED. We REMAND for consideration of whether to resentence with respect to defendant-appellant's sentence.

Defendant-appellant Nathaniel Bernard appeals Judge Amon's judgment convicting him, after a jury trial, of conspiracy to commit carjacking and robbery, in violation of 18 U.S.C. § 371, and the substantive offenses of carjacking and robbery. The district court sentenced Bernard to, *inter alia*, 188 months' imprisonment, to be followed by five years of supervised release. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Bernard first argues that the government's evidence at trial was not sufficient to establish his guilt beyond a reasonable doubt. "When a defendant challenges the sufficiency of the evidence underlying his conviction, we review the evidence adduced in the light most favorable to the government, drawing all inferences in favor of the prosecution." *See, e.g., United States v. Payton*, 159 F.3d 49, 55–56 (2d Cir.1998). We will affirm if, after conducting such a review, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Medina*, 944 F.2d 60, 66 (2d Cir.1991) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). *See also United States v. Lung Fong Chen*, 393 F.3d 139, 150 (2d Cir.2004). In the present case, the government adduced evidence that the defen-

dant had a motive to commit the crimes alleged, was present when the crimes were planned, and warned a co-conspirator that the victim might be armed and that he should be ready with his own weapon. Moreover, the victim testified that another co-conspirator told him that the crime was, in effect, perpetrated on Bernard's behalf. Accordingly, we conclude that the evidence presented at trial was legally sufficient.

Next, Bernard argues that the district court erred in refusing to hold a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The Fourth Amendment requires that such a hearing be held at the defendant's request "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155–56, 98 S.Ct. 2674. In the instant case, none of the omitted information to which Bernard points was critical to the probable cause determination, nor has Bernard made a "substantial preliminary showing" that those omissions were made intentionally or with reckless disregard for truth. Accordingly, we conclude that it was not error for the district court to refuse to hold a *Franks* hearing.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED. However, in light of the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621, 125 S.Ct. 738 (2005) and this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), this case is

---

Vermont, sitting by designation.

** Judge Robert A. Katzmann, who was originally a member of the panel, recused himself subsequent to oral argument. The appeal is

being decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b); *Murray v. NBC*, 35 F.3d 45, 46–47 (2d Cir.1994).

REMANDED to the district court for further proceedings in conformity with *Crosby*.