UNITED STATES of America,
Appellee,

v.

Troy VAVAL, Defendant,

Nathaniel Bernard, Defendant–
Appellant.

Nos. 06–0227–cr, 06–0937–cr.

United States Court of Appeals,
Second Circuit.

Dec. 13, 2006.

Katherine Alfieri, Law Offices of Katherine Alfieri, White Plains, NY, for Defendant–Appellant.

Colleen Kavanagh, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern

District of New York, David C. James, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN and Hon. CHESTER J. STRAUB, Circuit Judges, and Hon. SIDNEY H. STEIN,* Judge.

## SUMMARY ORDER

Defendant–Appellant Nathaniel Bernard appeals from two orders of the District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*). In the first order, dated December 13, 2005 and raised in appeal number 06–0227–cr, the District Court denied Bernard's motion for a new trial, which he brought pursuant to Federal Rule of Criminal Procedure 33(b)(1). In the second order, filed February 17, 2006 and raised in appeal number 06–0937–cr, the District Court re-sentenced Bernard on a remand pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), and imposed a below-Guidelines sentence of 178 months' imprisonment.[1] We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.

We review a district court's denial of a Rule 33 motion only for excess of discretion, and its subsidiary findings of fact pursuant to the clearly erroneous standard. *United States v. Stewart*, 433 F.3d 273, 295 (2d Cir.2006). "The ultimate test is whether letting a guilty verdict stand would be a manifest injustice. There must be a real concern that an innocent person may have been convicted." *United States v. Canova*, 412 F.3d 331, 349 (2d Cir.2005) (internal quotation marks omitted).

■ The District Court acted within its discretion in denying Bernard's Rule 33 motion. Given the testimony at trial, the District Court reasonably concluded that Karl Lewis's inconsistent testimony was the product of his faulty, drug-addled memory, as well as normal forgetfulness over time, instead of perjury. We thus view Lewis's inconsistent testimony as no more than impeachment evidence that is cumulative of the testimony adduced on cross examination. A district court acts within its discretion in denying a Rule 33 motion predicated on such cumulative impeachment evidence. *Canova*, 412 F.3d at 349.

Moreover, assuming arguendo that Lewis perjured himself at Bernard's trial, there is no indication that the government knew of the claimed perjury, and in all likelihood the claimed perjury would not have altered the verdict. *See Stewart*, 433 F.3d at 296. The fact remains that Lewis never exonerated Bernard in his later testimony. Instead, Lewis asserted that Bernard participated in the crimes by acting as "the eyes in the backseat." Further, other evidence of Bernard's guilt exists, namely, Rodriguez's testimony; phone records establishing frequent contact between Bernard and Troy Vaval while the conspiracy was being hatched; a clear motive to seek revenge against the victim; and Bernard's own unbelievable testimony of falling asleep in Vaval's car and later awaking to the carjacking.

■ We also conclude that the District Court acted within its discretion in denying the motion with respect to Hasheem Scatcliffe's testimony. We need not address whether "newly available" testimony may ever count as "newly discovered" for the purposes of Rule 33 because Scatcliffe's testimony does not raise a real concern as to Bernard's innocence. *See,*

---

\* The Honorable Sidney H. Stein, United States District Court for the Southern District of New York, sitting by designation.

1. We previously affirmed Bernard's conviction. *United States v. Vaval*, 132 Fed.Appx. 386 (2d Cir.2005).

e.g., *United States v. Polanco*, 152 F.3d 921, 1998 WL 386142 (2d Cir.1998).

The evidence at Bernard's trial established that Scatcliffe did not know Bernard and had little, if any, contact with him. It was Lewis who recruited Scatcliffe to participate in the robbery. During the crimes, Bernard stayed down in the backseat of Vaval's car. After the crimes, Scatcliffe accompanied Lewis and Davis, not Bernard. Although Bernard attended a meeting in front of Scatcliffe's home, the evidence is unclear whether Bernard played an active role or quietly and innocuously remained inside Vaval's car. On balance, Scatcliffe's inability to recognize or remember Bernard is not strongly probative of Bernard's innocence.

With respect to the sentencing issues, we conclude that the District Court did not clearly err in denying Bernard a downward adjustment for a minor role in the offense.[2] The evidence at both trials established that Bernard played a role in the planning of the robbery and carjacking, and then acted as a lookout in the backseat of Vaval's car during the offense. Accordingly, Bernard failed to show by a preponderance of the evidence, *United States v. Brunshtein*, 344 F.3d 91, 102 (2d Cir.2003), that he is less culpable than the average participant in such crimes, *United States v. Carpenter*, 252 F.3d 230, 235 (2d Cir.2001).

■ Further, on *de novo* review, *United States v. Agudelo*, 414 F.3d 345, 349 (2d Cir.2005), we conclude that the District Court properly applied an obstruction of justice enhancement for Bernard's perjury. *See generally United States v. Dunnigan*, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993) (perjury enhancement appropriate when defendant gives "false testimony concerning a material matter

with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory"). We agree that Bernard gave false testimony based on the other evidence at trial, namely, the testimony of Lewis, Rodriguez, and Immesberger, and the suspicious nature of Bernard's explanation for his presence at the crime. Bernard's explanation of his innocence naturally was material to the issues at his trial. Finally, given his desire to win acquittal and the absence of any plausible possibility of mistake, confusion, or memory lapse, we conclude that he intentionally testified falsely.

For the reasons set forth above, we AFFIRM the judgments of the District Court.

---

**2.** Bernard challenges only the calculation of his Guidelines range, and not the substantive

reasonableness of his sentence.